Case 2:25-cv-02792-TLN-CSK   Document 30   Filed 04/03/26   Page 1 of 6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA VAN TASSEL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | Case No. 2:25-cv-02792-TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF Nos. 4, 7) |

On December 31, 2024, Plaintiff Svetlana Van Tassel, proceeding without counsel, filed a complaint in Sacramento County Superior Court against Defendant Sacramento County Coroner asserting claims relating to the investigation of her daughter's death in March 2023. (ECF No. 1 at 1-19.) Defendant filed a demurrer, which the Superior Court sustained on July 24, 2025. (ECF No. 1 at 85-94.) On August 27, 2025, Plaintiff filed a First Amended Complaint adding Defendant Zhanna Khabatyuk, the coroner allegedly involved in the investigation, and asserting federal due process and equal protection violations under 42 U.S.C. § 1983 in addition to claims under state law. ("FAC," ECF No. 1 at 95-136.) Defendants removed this action to federal court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1 at 1-2.) On November 24, 2025, Plaintiff filed a notice of voluntary dismissal of her federal due process and equal protection claims under § 1983 pursuant to Rule 41(a)(1). (ECF no.

1

17.)

Pending before the Court is Defendants' motion to dismiss this action (ECF No. 4) and Plaintiff's motion to remand this action to state court (ECF No. 7). Both motions were submitted without hearing. (ECF Nos. 6 & 12.) For the reasons that follow, the Court will recommend that Defendants' motion to dismiss be denied and Plaintiff's motion to remand be granted.

## I.    MOTION TO REMAND

### A.    Factual Background

The FAC alleges that, in February 2023, Plaintiff reported her 29-year-old daughter, Yekaterina Barrett, missing. On March 13, 2023, Ms. Barrett ("the decedent") was found dead in a hotel room at the Comfort Suites on Jibboom Street in Sacramento. (FAC at 96.) The decedent's luggage, phone, wallet, and identification were missing; surveillance footage revealed that her belongings were stolen and the death scene had been tampered with. (FAC at 130.) The coroner's report "treated the case as resolved by overdose—ignoring visible strangulation indicators, missing property, and contradictory witness accounts." (FAC at 112.)

Plaintiff alleges that Defendant Khabatyuk, a coroner employed by Sacramento County, failed to preserve key evidence, investigate the crime scene, or notify the police when the decedent's body was found. (FAC at 98-101.) Plaintiff alleges that Defendant Sacramento County adopted or tolerated a protocol whereby "deputy coroners routinely abandoned suspicious death scenes, failed to notify law enforcement, and fabricated records retroactively" in violation of Plaintiff's federal constitutional rights. (FAC at 98.) The FAC alleges four causes of action under California's statutes and constitution, including failure to perform mandatory duties; causes of action for fraud, negligence, and infliction of emotional distress; and one cause of action for violation of federal civil rights (due process and equal protection) under 42 U.S.C. § 1983. (FAC at 95.) Along with monetary damages, the FAC seeks injunctive relief compelling Defendants to "comply with their mandatory statutory duties" under California law, including referring the

2

decedent's death to prosecutors for independent review. (FAC at 135-136.)

**B.      Procedural Background**

Defendants removed this action, proceeding on the FAC, to federal court on September 26, 2025. (ECF No. 1.) Defendant filed a motion to dismiss the FAC for failure to state a claim on October 3, 2025. (ECF No. 4.) When Plaintiff did not timely respond, the Court vacated the hearing on the motion and ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 6.)

On October 23, 2025, Plaintiff filed a motion to remand this action to state court. (ECF No. 7.) Defendants filed an opposition (ECF No. 9), and Plaintiff filed a reply (ECF No. 15). On November 24, 2025, Plaintiff filed a notice of voluntary dismissal of her federal due process and equal protection claims brought pursuant to 42 U.S.C. § 1983 claims and any other federal claims. (ECF No. 17.) She again requested remand, citing lack of federal subject matter jurisdiction. (*Id.*)

On January 6, 2026, Plaintiff filed a response to Defendants' motion to dismiss (ECF No. 26), and Defendants filed a reply (ECF No. 27).

**C.      Legal Standards**

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction,

'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380. For a case removed without federal jurisdiction, the district court must remand the case back to state court. 28 U.S.C. § 1447(c).

A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

**D.    Discussion**

The FAC initially presented a federal question by raising a § 1983 claim of violation of Plaintiff's constitutional rights. Removal was based on federal question jurisdiction, and the parties are not diverse. Plaintiff has chosen to dismiss her federal claims and pursue her state claims in a state forum. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (plaintiffs did not engage in improper practice when they "chose the state forum" and "dismissed their federal claims and moved for remand with all deliberate speed after removal").

The district court cannot decide the merits of the state law claims in the FAC unless it exercises supplemental jurisdiction over those claims.[1] A court may decline to exercise supplemental jurisdiction over state law claims if (1) the claims raise complex

---

[1] Plaintiff's state law claims are based upon the same incidents as her federal claims. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

4

issues of state law, (2) the claims substantially predominate over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances. 28 U.S.C. § 1367(c). Because Plaintiff has voluntarily dismissed her federal claims, the Court has discretion whether to exercise supplemental jurisdiction over her remaining state law claims. *Smith v. Allison*, 2022 WL 2015302, at *1 (E.D. Cal. June 6, 2022) (collecting cases); *Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (district court has discretion to exercise supplemental jurisdiction over state law claims after dismissing every claim over which it had original jurisdiction). Here, state law claims substantially predominate in the FAC, and the claims over which the Court had original jurisdiction have been dismissed. As another court in this district stated in similar circumstances,

> [n]o discovery[2] has been taken and no pretrial schedule has been issued. Moreover, judges in the Eastern District of California carry the heaviest caseload in the nation. It would be unwise for the Court to expend its limited resources retaining a case in which original jurisdiction does not exist. Thus, given the early state of the litigation and in the interests of judicial economy, the Court exercises its discretion and remands the action to the state court from which it was removed.

*Petersen v. County of Stanislaus*, 2013 WL 1331221, at *7 (E.D. Cal. Apr. 1, 2013). Here too, the district court should decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff's motion to remand should be granted.

## II.    MOTION TO DISMISS

Because this action should be remanded to state court, Defendants' motion to dismiss the FAC for failure to state a claim (ECF No. 4) should be denied as moot. *See, e.g., Greathouse v. Long Beach Mortgage Co.*, 2017 WL 5897380, at *1 (C.D. Cal. Nov. 28, 2017) (same).

////

---

[2] Here, no discovery has taken in place in federal court, though Defendants note that discovery and related litigation took place in state court prior to removal. (ECF No. 9 at 2.)

## III.   CONCLUSION

In conclusion, based upon the findings above, it is RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 4) be DENIED as moot;

2. Plaintiff's motion to remand (ECF No. 7) be GRANTED;

3. This matter be remanded to the Sacramento County Superior Court; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/25cv2792vantass.remand.f&rs